IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISABILITY RIGHTS PENNSYLVANIA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| CITY OF PHILADELPHIA, | : |
| Defendant. | : |

## COMPLAINT

### I.    Introduction

1.    Plaintiff, Disability Rights Pennsylvania (DRP) is the organization designated pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act), 42 U.S.C. §§ 10801-10827, and the Developmental Disabilities Assistance and Bill of Rights Act (DD Act), 42 U.S.C. §§ 15041-15045, to protect the rights of and advocate for Pennsylvanians with disabilities.

2.    As part of its authority under the PAIMI and DD Acts, DRP has authority to request records of individuals with disabilities under specified circumstances, including when they authorize DRP to do so.

3.    In accordance with its authority under the DD and PAIMI Acts, DRP submitted requests to the Defendant City of Philadelphia's

Department of Human Services (DHS), which administers child welfare programs in Philadelphia, for the records of five young people with disabilities.  DHS has failed to timely provide the requested records and has indicated that it intends to redact any documents it will eventually provide.

4.     Defendant's refusal to timely provide DRP with the requested, unredacted records violates 42 U.S.C. § 1983, the DD Act, and the PAIMI Act.  DRP seeks appropriate declaratory and injunctive relief.

## II.    Jurisdiction and Venue

5.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.  Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

6.     Plaintiff's claims are authorized by 42 U.S.C. § 1983, the DD Act, 42 U.S.C. §§ 15041-15045, and the PAIMI Act, 42 U.S.C. §§ 10801-10827.

7.     Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(1)-(2) since Defendant is located in this District and all of the events and omissions that gave rise to the Complaint occurred in this District.

## III.    Parties

8.      Plaintiff DRP is a non-profit Pennsylvania corporation.  The Commonwealth of Pennsylvania has designated DRP as the organization with responsibility to advocate for and protect the rights of individuals with disabilities and to investigate abuse and neglect of individuals with disabilities pursuant to, *inter alia*, the DD and PAIMI Acts.

9.      Defendant City of Philadelphia is a Pennsylvania county of the first class.  16 P.S. § 201(1).  DHS is a department of the City of Philadelphia.  DHS is responsible to administer the child welfare system in Philadelphia, including the provision of services to Philadelphia youth adjudicated dependent or delinquent.

## IV.    Factual Background

10.    DRP is the protection and advocacy system designated by the Commonwealth of Pennsylvania to protect the rights of and advocate for Pennsylvanians with disabilities pursuant to the federal DD and PAIMI Acts.

11.    Under the DD Act, DRP has the duty to protect the legal and human rights of and advocate for individuals with developmental disabilities.  42 U.S.C. §§ 15041, 15043.  For purposes of the DD Act, a developmental disability for an individual age 9 and older is a severe, chronic

disability that is attributable to a mental or physical impairment, is mani-

fested before the age of 22, is likely to continue indefinitely, results in

substantial functional limitations in three or more specified major life

activities, and reflects the individual's need for services, supports, or other

forms of assistance.  42 U.S.C. § 15002(8)(A).

12.    Intellectual disability, autism, severe emotional disturbance, and

learning disabilities, for example, are developmental disabilities covered by

the DD Act.

13.    Under the PAIMI Act, DRP has the duty to protect the legal and

human rights of and advocate for individuals with mental illness.  42 U.S.C.

§§ 10801(b), 10805.  For purposes of the PAIMI Act, an individual with

mental illness is a person who has a significant mental illness or emotional

impairment.  42 U.S.C. § 10802(4).

14.    The DD and PAIMI Acts confer upon protection and advocacy

systems, such as DRP, the authority to investigate incidents of abuse and

neglect of individuals with, respectively, developmental disabilities and

mental illness when the incidents are reported or there is probable cause to

believe that the incidents occurred.  42 U.S.C. §§ 10805(a)(1)(A),

15043(a)(2)(B).

15.    The DD and PAIMI Acts define "neglect" broadly to encompass acts or omissions by a person responsible for providing services, supports, or other assistance to a person with a covered disability which caused or may have caused injury to such a person.  42 C.F.R. § 51.2; 45 C.F.R. § 1326.19.  "Neglect," for instance, includes the failure to establish or implement an appropriate program plan and the failure to assure that a person with a disability is not subject to unnecessary segregation.

16.    To assure that protection and advocacy systems, such as DRP, can implement their investigative authority, the DD and PAIMI Acts provide them with certain tools.  Among those tools is the right to access the records of individuals with developmental disabilities and mental illness under defined circumstances.  42 U.S.C. §§ 10805(a)(4), 15043(a)(2)(I).

17.    Protection and advocacy systems, such as DRP, have the right to access the records of individuals with developmental disabilities and mental illness if they or their legal representatives authorize such access. 42 U.S.C. §§ 10805(a)(4)(A), 15043(a)(2)(I)(i).  A protection and advocacy system can secure the records of individuals with disabilities who authorize such access regardless of whether the system is investigating abuse or neglect.

18.   In the absence of authorization by an individual with a disability, a protection and advocacy system, such as DRP, can obtain his or her records under either of the following circumstances:

a.   First, if the individual is unable to authorize such access and either does not have a legal guardian or his or her legal guardian is the state, the protection and advocacy system can access his or her records when it has received a complaint or has probable cause to believe that he or she has been subject to abuse or neglect.  42 U.S.C. §§ 10805(a)(4)(B), 15043(a)(2)(I)(ii).

b.   Second, if the individual has a non-state guardian, the protection and advocacy system may access his or her records if:  (i) the system has received a complaint about the individual or has probable cause to believe that the individual has been subject to abuse or neglect; (ii) the system has contacted the guardian upon receipt of the name and address of such representative and offered assistance to the guardian; and (iii) the guardian has failed or refused to act on behalf of the individual.  42 U.S.C. §§ 10805(a)(4)(C), 15043(a)(2)(I)(iii).

19.   Under state law, the Pennsylvania Department of Human Services has responsibility to assure the provision of adequate child welfare services to Pennsylvania youth.  62 P.S. § 701.  The Pennsylvania

Department of Human Services fulfills this responsibility through its Office of Children, Youth and Families (OCYF).

20. Under state law, Philadelphia and other counties operate local children and youth services agencies, which have the power and duty to provide child welfare services. *See* 62 P.S. § 2305.

21. The Pennsylvania Department of Human Services, through OCYF, is responsible to supervise the provision of child welfare services by local children and youth services agencies. *See* 55 Pa. Code § 3130.12(b).

22. DHS is the local children and youth services agency in Philadelphia responsible to implement the powers and duties described by, *inter alia*, 62 P.S. § 2305.

23. DHS, like all local children and youth services agencies, is responsible to provide services to help maintain children in their own homes; prevent neglect, abuse, and exploitation; overcome problems that result in dependency or delinquency; and provide adequate substitute care to any child in need of such care. 62 P.S. § 2305; 55 Pa. Code § 3130.12(c).

24. DHS, like all local children and youth services agencies, is responsible to provide services and care for children and youth who have been adjudicated dependent or delinquent pursuant to the Pennsylvania

Juvenile Act, 42 Pa. Cons. Stat Ann. Ch. 63.  62 P.S. § 2305; 55 Pa. Code § 3130.12(c)(5).

25.    Youth who were adjudicated dependent prior to age 18 can opt to receive child welfare services from DHS until they are age 21 if, *inter alia*, they have medical or behavioral health needs.  *See* 42 Pa. Cons. Stat. Ann. § 6302 (definition of child); 55 Pa. Code § 3130.5 (definition of child).

26.    Youth who were adjudicated delinquent prior to age 18 can continue to receive child welfare services through age 21.  *See* 42 Pa. Cons. Stat. Ann. § 6302 (definition of child); 55 Pa. Code § 3130.5 (definition of child).

27.    DHS's Children and Youth Division investigates reports of suspected abuse or neglect and provides a range of services to youth who have been adjudicated dependent, including out-of-home placements in foster homes, group homes, or institutional facilities.

28.    DHS's Juvenile Justice Division administers the Philadelphia Juvenile Justice Services Center (PJJSC), which serves youth who are awaiting a court hearing and/or transfer to a long-term placement.  The Juvenile Justice Division of DHS also offers Court and Community Services, including community-based detention services, programs to divert youth from the juvenile justice system, and a court liaison service.

29.    DRP has been investigating several issues of possible neglect relating to dependent and delinquent youth with disabilities.  These issues include:  (a) the lack of adequate, community-based, integrated services for dependent youth with mental illness resulting in unnecessary segregation and institutionalization; and (b) the lack of community-based, integrated placements that are wheelchair accessible for dependent youth.

30.    DRP has submitted written requests to DHS's representatives for records of five Philadelphia youths who have been adjudicated dependent and/or delinquent.

31.    With its records requests to DHS, DRP submitted signed releases from each of the youths whose records were requested that authorized DHS to release their records to DRP.

32.    Pursuant to the PAIMI Act, DRP requested the records of C.S., by letter dated October 31, 2017.

33.    C.S. is a 19-year-old Philadelphia youth with post-traumatic stress disorder, intellectual disability, and attention deficit hyperactivity disorder.  C.S. was adjudicated dependent in 2008.  C.S. was admitted to an acute inpatient psychiatric hospital in November 2016, where she has remained unnecessarily institutionalized and segregated for over a year due to the failure to identify any other placement willing to accept her.  At

the psychiatric hospital, C.S.'s mental health issues have been exacer-

bated.

34.     Pursuant to the PAIMI Act, DRP requested the records of T.S.

and S.H. by letter dated November 13, 2017.

35.     T.S. is an 18-year-old Philadelphia youth with schizoaffective

disorder, bipolar disorder, and post-traumatic stress disorder.  T.S. was

adjudicated dependent when he was 17 and placed in an institutional

facility.  T.S. was adjudicated delinquent before his 18th birthday and, at

the request of DHS, the Family Court terminated T.S.'s dependency case.

T.S. has not received the mental health services and supports he needs in

the most integrated setting appropriate for him.

36.     S.H. is a 15-year-old Philadelphia youth with bipolar disorder,

post-traumatic stress disorder, and other disabilities.  S.H. was adjudicated

dependent in 2012 when she was 10 years old.  S.H. was adjudicated

delinquent in October 2016 following a simple assault charge and, after she

violated her probation, she was placed at PJJSC in March 2017.  At DHS's

request, the Family Court terminated S.H.'s dependency petition due to her

delinquency adjudication.  S.H. has not received the mental health services

and supports she needs in the most integrated setting appropriate for her.

37.    Pursuant to the PAIMI Act, DRP requested the records of M.T. by letter dated November 20, 2017.

38.    M.T. is a 16-year-old Philadelphia youth who has autism spectrum disorder, post-traumatic stress disorder, and other disabilities. M.T. was adjudicated dependent in December 2010 at the age of 9. DHS closed his dependency case in 2011, but reopened it in July 2016. Since that time, M.T. has moved from a group home to a psychiatric inpatient hospital and since April 2017 he has been at PJJSC. M.T. has not received the mental health services and supports he needs in the most integrated setting appropriate to his needs.

39.    Pursuant to the DD Act, DRP requested the records of M.D. by letter dated December 1, 2017.

40.    M.D. is a 19-year-old Philadelphia youth with cerebral palsy, learning disabilities, major depressive disorder, and post-traumatic stress disorder. M.D. was adjudicated dependent and has been in DHS custody since at least 2015. Although she had been in various group homes in Montgomery and Lehigh counties, DHS placed M.D. in an institutional setting in Bucks County in 2017. Although it was intended as a short-term respite placement, she stayed there for months because on information and belief DHS does not have a wheelchair accessible foster home for her.

11

Recently, M.D. was so distraught at her institutional placement that she was admitted to a private hospital's emergency room, where she remains. M.D. has not received the services she needs in the most integrated setting appropriate for her.

41.    DRP is authorized to receive the requested records from DHS for each of the five youths based on their authorizations.

42.    Even if the youths had not authorized DRP's access to their records, DRP still would be entitled to access the records since on information and belief the youths are in the custody of a state agency, *i.e.*, DHS, and DRP has probable cause to conclude that they have been subject to neglect.

43.    The DD Act requires that an entity must provide a protection and advocacy system with access to requested records within three business days of receipt of a written request.  42 U.S.C. § 15043(a)(2)(J)(i). While the PAIMI Act has no explicit timeline, it should be construed *in pari materia* with the DD Act.  At minimum, the PAIMI Act requires that the agency promptly provide the protection and advocacy system with requested records.  42 C.F.R. § 51.41(a).

44.    If an entity from which a protection and advocacy system requests records either delays or denies access to such records, the DD

12

and PAIMI Acts require that it promptly provide a written statement of reasons for the delay or denial.  *See* 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26.

45.    DHS has yet to produce any of the records requested by DRP relating to C.S., T.S., S.H., M.T., or M.D.

46.    Despite repeated requests by DRP, DHS has refused to identify a date certain by which the requested records will be produced.

47.    DHS has advised DRP that it is redacting the individuals' records in accordance with its policy and practice despite DRP's informing DHS's counsel that neither the DD nor PAIMI Acts permit redaction of individuals' records; that any state laws relating to confidentiality of certain information in the individuals' records is preempted by the DD and PAIMI Acts; and that redaction is unnecessary since the DD and PAIMI Acts require that DRP maintain the confidentiality of information in the youths' records to the same extent as the producing agency.  42 U.S.C. § 10806; 45 C.F.R. § 1326.28.

## V.    Claims

48.    Paragraphs 1 through 47 are incorporated herein by reference.

49.    DRP has been designated as the protection and advocacy system in Pennsylvania pursuant to the DD and PAIMI Acts.

50.    Under 42 U.S.C. § 1983, the Defendant may not act under color of state law to deny DRP the access to records to which it is entitled under the DD and PAIMI Acts.

51.    The DD Act confers authority on DRP to "pursue legal, administrative, or other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of" Pennsylvanians with developmental disabilities who are or who may be eligible for treatment, services or habilitation.  42 U.S.C. § 15043(a)(2)(A)(i).

52.    The PAIMI Act confers authority on DRP to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in" Pennsylvania.  42 U.S.C. § 10805(a)(1)(B).

53.    C.S., T.S., S.H., M.T., and M.D. are individuals with both developmental disabilities and mental illness who are within the group of persons for whom DRP may advocate under, respectively, the DD and PAIMI Acts.

54.    Defendant has failed to timely provide DRP with records of C.S., T.S., S.H., M.T., and M.D. contrary to the requirements of the DD and PAIMI Acts.

55.   Defendant's redaction of any records it will produce relating to C.S., T.S., S.H., M.T., and M.D. is contrary to the requirements of the DD and PAIMI Acts.

56.   Defendant's actions and omissions under color of state law violate 42 U.S.C. § 1983, the DD Act, 42 U.S.C. § 15043(a)(2)(I) and 45 C.F.R. §§ 1326.25(a), 1326.26, and the PAIMI Act, 42 U.S.C. § 10805(a)(4) and 42 C.F.R. §§ 51.41, 51.43.

## VI.   <u>Relief Requested</u>

57.   Plaintiff respectfully requests that the Court award the following relief:

a.   exercise jurisdiction over this action;

b.   issue appropriate declaratory and injunctive relief;

c.   grant such other relief as may be appropriate, including reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

Dated:  December 8, 2017          By:   /s/ Koert Wehberg
                                       Koert Wehberg (PA ID # 312848)
                                       Robin Resnick (PA ID # 46980)
                                       Disability Rights Pennsylvania
                                       1315 Walnut Street, Suite 500
                                       Philadelphia, PA  19107-4705
                                       215-238-8070

                                       Counsel for Plaintiff

15